Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

UNITED STATES DISTRICT COURT
for the
District of Massachusetts
Boston Division

RECEIVED IN CLERK'S OFFICE
DATE 2/16/22

KEON Monteiro,
Plaintiff,

vs.

Record No. _____

CAROL MICI, as the Commissioner to the Massachusetts Department of Corrections;
DEPUTY COMMISSIONER, as the Deputy to the Massachusetts Department of Corrections; and
DIRECTOR OF DISCIPLINE UNIT, of the Massachusetts Department of Corrections.
Defendants.

In their official capacity.

JURY TRIAL DEMAND

42 U.S.C. Section 1983

COVER FRONT

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1 of 11

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: Keon Monteiro
- All other names by which you have been known: None
- ID Number: W109339
- Current Institution: Souza-Baranowski Correctional Center
- Address: One Harvard Road, P.O. Box 8000
  - City: Shirley
  - State: M.A.
  - Zip Code: 01464

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
- Name: Carol A. Mici
- Job or Title (if known): Commissioner for the Department of Corrections
- Shield Number: (Not Applicable)
- Employer: Governor Charles Baker
- Address: 50 Maple Street
  - City: Milford
  - State: M.A.
  - Zip Code: 01757
- [ ] Individual capacity  [X] Official capacity

**Defendant No. 2**
- Name: (Unknown)
- Job or Title (if known): Deputy Commissioner of Prison Operations
- Shield Number: (Not Applicable)
- Employer: Commissioner Carol A. Mici
- Address: 50 Maple Street
  - City: Milford
  - State: M.A.
  - Zip Code: 01757
- [ ] Individual capacity  [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name: (Unknown)
    Job or Title *(if known)*: Director of the Discipline Unit
    Shield Number: (Not Applicable)
    Employer: Commissioner Carol A. Mici
    Address: 50 Maple Street
    City: Milford    State: M.A.    Zip Code: 01757
    ☐ Individual capacity    ☒ Official capacity

Defendant No. 4
    Name: N/A
    Job or Title *(if known)*:
    Shield Number:
    Employer:
    Address:
    City    State    Zip Code
    ☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

         ☐ Federal officials (a *Bivens* claim)

         ☒ State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
(1) Fourteenth (14) Amendment to the U.S. Constitution to Protection to life, liberty, and property;
(2) Eighth (8) Amendment to the U.S. Constitution to Prohibitation of cruel and unusual Punishment.

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

(Not Applicable)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(1) Defendants has and are acting under color statue and regulations in their official capacities by implimenting Code of Massachusetts Regulations (CMR) 103 D.O.C. Policies that deprives inmates of their Personal financial assests without reasonable due Process;

(2) Defendants, as described above, are subjecting inmates to cruel and unusual Punishment in their official capacities by Punishing inmates based on fabricating scientific evidence and/or using misleading forensic testing to Punish inmates.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

(Not Applicable)

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

1) Massachusetts Department of Corrections
2) Continuing actions

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

August 18, 2021

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(SEE ATTACHMENT PAGES)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1) Financial hardship due to lien and deprivation handling of financial (property) assests doing COVID-19 Pandemics

2) Cruel and unusual Punishment of having to be subjected to conditions of discipline sanctions, loss of monet, restrictions to family communications and Placement in segregation and/or restrictive housing units

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1) The Court order Defendants to terminate the deprivation of inmates financial property assests and the liens, thereof; because the cost of drug testing is the Department's financial responsibility and is not "restitution" for these purposes;

2) For the Court or Jury to determine whether or not the practices Defendants impliment in the SAMP, NARK II test kit for K2 testing, and financial liens are in violation to any Constitutional rights or any other rights, laws, statues; and

3) To order (a) reinstating any good time earning suspension, (b) reimbursting any financial costs, and (c) to remove any incident reports or Disciplinary Reports from the DOC's official records regarding the actions describe in this Complaint, and

4) To DIRECT the Defendants these relief, if granted, applies to all effecting inmates.

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Concord (MCI)

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Concord and Souza Baranowski Correctional Center

2. What did you claim in your grievance?

   1) Inaccurate/Misleading forensic (NARK II) testing for evidence
   2) Unlawful liens and withdrawal of financial assests
   3) Cruel and unusual Punishment via Discipline Process

3. What was the result, if any?

   Any regards to sanctions, punishments, etc for Disciplinary reasons cannot be brought for remedy on inmate Grievances. Grievances denied.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Appeals to the Superintendent's Office

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   (Claims not Grievable under Grievance Procedures)

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   Notified D.O.C. Treasury Personnel, but to no avail.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   Most claims/allegations in this suit are not Grivable.

   (Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition.   N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit

      Plaintiff(s)    N/A

      Defendant(s)    N/A

   2. Court *(if federal court, name the district; if state court, name the county and State)*

      N/A

   3. Docket or index number

      N/A

   4. Name of Judge assigned to your case

      N/A

   5. Approximate date of filing lawsuit

      N/A

   6. Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition    N/A

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      N/A

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: February 8, 2022

Signature of Plaintiff: *Keon Monteiro*
Printed Name of Plaintiff: Keon Monteiro
Prison Identification #: W107359
Prison Address: Souza-Baranowski Correctional Center
Shirley, M.A. 01464
City / State / Zip Code

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
City / State / Zip Code
Telephone Number
E-mail Address

COMPLAINT ATTACHMENT

No. 1

COMPLAINT ATTACHMENT . . . . . . . . . . . . . . . COMPLAINT ATTACHMENT

From Page 4 of 11 (IV) Statement of Claims (D)

"What are the facts underlying your claims?" (QUESTION)

Page 1 of 7

1. On the 18th of August 2021 the Plaintiff, Mr. Monteiro, was found to been Guilty after an institution hearing of an institutional disciplinary infraction after prison investigators alleged legal documents in Mr. Monteiro cell tested Postive for "synthetic cannabinoids" (also known as "K-2").[1]

2. In the investigator's Disciplinary Report ("D-Report") the forensic testing used was a "NARK II" test kit. (SEE ATTACHED EXHIBIT NO. 2.)

3. As a disciplinary Sanction, the D.O.C. ordered Mr. Monteiro to Pay "Restitution" in the amount of $154.00 to Pay for the D.O.C. to use drug testing on Mr. Monteiro for a Period of six (6) months.[2]

---

[1] Code of Massachusetts Regulations (CMR) 103 D.O.C 430 Governs D.O.C. to discipline inmates with reports if the inmate is found to be in violation of Prison rules.

[2] D.O.C's non-CMR Governing Policy "Substance Abuse Monitoring Program" (SAMP) mandates inmates; who has been Guilty to be in Possession, use of, or distribution of narcotics or intoxicants, to be subjected to random urine drug screening for a period of six months. Inmates are responsible for incurring the cost of each test.

4. Mr. Monteiro was also punished to 15 days in disciplinary segregation.

5. Mr. Monteiro was not in possession of, use of, or distribution to any narcotics or "synthetic cannabinoids".

6. The Practices of Forensic Analysis the D.O.C. uses to test for "synthetic cannabinoids" using the NARK II field test kit is not methology accepted in the scientific community and is not Practice(d) in Criminal Proceedings as evidence because this particular field test has been found to be either inconclusive and inaccurate for analyzing or testing synthetic cannabinoids.

7. The General use and authorization for a NARK II field test is for narcotics such as cocaine, actual cannabinoids, and heroin.[3]

8. The alleged testing in a NARK II field test of a piece of paper is not adequate.

9. Due to the unlawful practices and enforcement of the SAMP and the forensic testing that Defendants use Mr. Monteiro has been, and will be, the victim to cruel and unusual punishment on being subjected to deprivation of financial assest and placement in segregation.

10. Furthermore, the inmate Disciplinary-Process does not include the Substance Abuse Monitoring Program ("SAMP") anywhere in it's CMR. Nor does the disciplinary-process provides anywhere that an inmate must be ordered as "Restitution" after being found Guilty, to incur the Defendant's cost for D.O.C. drug testing equipment for an unrelated and/or no infraction for damaging any State Property. The cost for drug testing on demand is not inmates responsibilty.

11. As a result of these practices, Mr. Monteiro has been the victim of having been deprived of his property (financial assests) by having an unlawful lien placed against his property until he pay the $154.⁰⁰ for the Defendants.

12. Since the D.O.C. has not made apart, or implimented as part of the disciplinary-process, the SAMP and inmates having to pay the cost for urine drug screening under the so-called SAMP, the D.O.C. financial officials has no right or authorization to either place liens on inmates property or deprive inmates of their financial assests without the inmate's written consent as CMR and Policy provides.

13. However, what do authorized financial officials to freeze or withdrawal inmate's financial assests to which involves a disciplinary sanction is as follows:

> 103 Code of Massachusetts Regulation 405.16
> INMATE FUNDS: Disciplinary-Process
>
> The Personal account of an inmate who has been ordered to make restitution after having been found Guilty [of an offense] through the disciplinary process in accordance with 103 CMR 430.00 "Inmate Discipline" will automatically have their account frozen upon entering of the sanction in the 'disciplinary module' of IMS. The freeze... shall be in the amount of the ordered restitution. [...]



Continuance
Page 4 of 7

14. In contrast to that CMR, CMR 405.00 "Inmate Funds" (the same CMR as quoted in reference on page 3) provides the following:

15. Mr. Monteiro was not charged or found guilty of any allegations named as part of the so-called SAMP.

16. Mr. Monteiro was not charged or found guilty of any allegations that he tampered with, broke or destroyed any State property. Ordinarily, the actions an inmate must has alleged to have committed and found guilty through the disciplinary process; and provided "Restitution" as a Sanction.

17. What Mr. Monteiro was found guilty of was "Attempting to commit any of the above offenses (Category 1), making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself."

18. Again, though the SAMP is not incorporated anywhere in the "disciplinary-process" to authorize a lien or withdrawal on Mr. Monteiro's financial [property] assests; the procedures that the Defendants impliment and enforce and fail to correct allows prison officials to do so.

19. No part of the SAMP and its financial mandates on inmates financial [property] assests are allowed to be contested or argued against at the same "disciplinary-process" hearing where the same $154.00 restitution disciplinary sanction for SAMP incurring cost is imposed.

20. Nor can the same (as described above in paragraph 19) be contested and/or bought as a contention on appeal of the guilty finding and financial sanction because the SAMP "is not part of the disciplinary-process."

21. Essentially, while Mr. Monteiro can appeal the amount of restitution or the imparticular sanction in itself; the contention of SAMP's financial dotications are unlawful and cannot be enforced in the disciplinary-process are voided for appeal.

22. To the contrary, when Mr. Monteiro attempted to raise(d) these contentions and conflicting procedures through the Inmate Grievance Procedure he was barred from doing so because; although he grieved the SAMP procedures, prison officials stated grievances about "disciplinary procedures" are not allowed.

Continuance
Page 6 of 7

23. As a whole, and to which this Complaint is based off of, Mr. Monteiro — and every inmate who has been and will be — subjected to being deprived of his financial [Property] assests AND having an unlawful lien placed on his personal property without no due process or inadequate due process.

24. As part of the same procedures in question (of the SAMP) Mr. Monteiro — and every inmate who has been and will be — subjected to the cruel and unusual punishment by being punished to disciplinary seeregation; loss of family visits and other family communications; and loss of commissary based on the Defendants' officers and employees using an inadequate, inclusive, and known to be wrongful used forensic drug-test (NARK II) for specific analysis on so-called "synthetic cannabinoids". Which can not be scientifically tested with either a positive or negative conclusion because information provided by NARK II official web-pages lists the narcotics the test was forensically manufactured to provide field test analysis for. No "synthetic" narcotics; especially "synthetic cannabinoids" (a/k/a "K-2").

* * * * * *

Continuance
Page 7 of 7

25. Mr. Monteiro contends on this Complaint that if no rule of law or previous case proceeds as of yet that the Defendants official Policies and Procedures — as alleged and brought suit against in this Complaint — are (1) unlawful, (2) illegal, (3) abuse of discreation, (4) and in violation to rights secured by the Constitution Mr. Monteiro asks that this Court consider(ed) (as brought under Relief in this Complaint) Federal Questions into whether or not these allegations are as described above in this Paragraph.

[END OF PAGES 7 of 7 ATTACHMENTS]